**United States District Court for the Southern District of Iowa**

Presiding: Honorable Judge Rebecca Goodgame Ebinger
Criminal No. 4:19-cr-00172-RGE-HCA        : Clerk's Court Minutes – Sentencing

UNITED STATES OF AMERICA VS. JESSICA RAE REZNICEK

| | |
|---|---|
| Gov. Atty(s): Jason Griess | : ✔ Indictment        Superseding Indictment        Information |
| Def. Atty(s): Melanie Keiper, William Quigley | : In  9  Count(s) – Code Violation: |
| Court Reporter: Chelsey Wheeler | : 18:1366(a) Conspiracy to Damage an Energy Facility (1); 18:844(h) Use |
| Interpreter: N/A | : of Fire in the Commission of a Felony (2); 18:844(i) Malicious Use of |
| | : Fire (3); 18:844(h) Use of Fire in the Commission of a Felony (4); 18:844 |
| Date: June 30, 2021 | : (i) Malicious Use of Fire (5); 18:844(h) Use of Fire in the Commission of |
| Time Start: 10:23 a.m.   Time End: 12:18 p.m. | : a Felony (6); 18:844(i) Malicious Use of Fire (7); 18:844(h) Use of Fire |
| | in the Commission of a Felony (8); 18:844(i) Malicious Use of Fire (9) |

| | |
|---|---|
| ✔ Defendant reaffirmed guilty plea to Count(s) 1 | :       Court adopted findings of Final PSR |
|      Jury        Court guilty verdict to Count(s) | : ✔ Final PSR as amended |

Minutes:

Defendant appears with counsel for sentencing. USPO Officer present. Defendant confirms guilty plea as to Count 1. Court holds colloquy with Defendant. At 10:29 a.m., Defense objects to Government Exhibits 8-18. At 10:30 a.m., Government argues for admission of exhibits. At 10:32 a.m., Defense argues for exclusion of exhibits. At 10:34 a.m., Government responds. At 10:39 a.m., Court admits exhibits for limited purpose. At 10:40 a.m., parties discuss PSR. The Court does not consider information contained in PSR paragraphs 10, 11, 12, and 13 as relevant conduct. Government does not object to the factual findings of the report. Defense objects to PSR Paragraphs 14, 20, and 28. At 10:42 a.m., Court sustains objection to Paragraph 14 as to destructive device. At 10:45 a.m., Government argues against Defense's objection to Paragraph 20; Court overrules objection to Paragraph 20. At 10:47 a.m., Government does not object to Defense's addition to Paragraph 28; Court sustains addition to Paragraph 28. At 10:47 a.m., Government responds to Defense's objection as to the dollar amount of loss stated in Paragraph 14. At 10:49 a.m., Court alters language in Paragraph 14. At 10:50 a.m., Defense objects to Paragraph 89; Court overrules objection to Paragraph 89. At 10:52 a.m., Defendant supplements Paragraph 114; Government does not object. At 10:53, Defense objects to Paragraph 142; Government argues as to Paragraph 142. At 10:54 a.m., Court overrules objection to Paragraph 142. Court considers the unobjected to information contained in PSR for purposes of sentencing. At 10:59 a.m., Court addresses sentencing guidelines. Government does not object to guidelines calculation. Defense objects to application of terrorism adjustment and criminal history point in Paragraph 71. At 11:04 a.m., Court sustains objection to Paragraph 71. At 11:05 a.m., Government argues for application of terrorism adjustment. At 11:07 a.m., Defense argues against application of terrorism adjustment. At 11:25 a.m., Court overrules objection and applies terrorism enhancement. Total Offense Level = 32; Criminal History Category = VI; Guideline Imprisonment Range = 210 to 240 months. At 11:28 a.m., Defense presents argument regarding appropriate sentence. At 11:36 a.m., Defendant allocutes. At 11:41 a.m., Government presents argument regarding appropriate sentence. At 12:02 p.m., Court pronounces sentence. At 12:11 p.m., Defense moves for self-surrender. At 12:11 a.m., Government argues against self-surrender. At 12:16 p.m., Court permits Defendant to self-surrender. At 12:17 p.m., Defendant is advised of appeal rights.

Sentence Imposed:

Defendant is sentenced to the custody of the BOP for a term of 96 months on Count 1. Upon release, Defendant shall serve a supervised release term of 3 years. The Court orders restitution in the amount of $3,198,512.70 to be paid jointly and severally with co-defendant Ruby Montoya. The Court waives interest on restitution. $100 Special Assessment to the Crime Victims' Fund Assessment.

Counts 2, 3, 4, 5, 6, 7, 8, and 9 are dismissed on the motion of the United States. Defendant shall remain on conditions of release to surrender to the United States Marshal.

/s/ Bernadette R. Nelson

Deputy Clerk